J-S49026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WHITE | |
| Appellant | No. 3212 EDA 2013 |

Appeal from the PCRA Order October 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003183-2003

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 02, 2015**

Kevin White appeals, *pro se*, from the order entered on October 16, 2013, in the Court of Common Pleas of Philadelphia County, denying him relief, without a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  The PCRA court denied the petition as untimely.  White raises three issues in this timely appeal. Specifically, he claims (1) the PCRA court erred in determining the petition was untimely, (2) his due process rights were violated when a trial witness testified falsely about favorable treatment he received from the Commonwealth, and (3) PCRA counsel was ineffective for failing to investigate claims of trial counsel's ineffectiveness.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The PCRA court related the factual and procedural history as follows:

The July 14, 2005 opinion of this court, which details the procedural history and facts of this case, is incorporated herein by reference.[1]  On December 4, 2004, defendant, Kevin White, was found guilty of first-degree murder and criminal conspiracy by a jury sitting before this court.  On February 1, 2005, this court sentenced [White] to a mandatory life sentence for first-degree murder and a consecutive term of one to two years['] incarceration for criminal conspiracy.  This judgment was affirmed by the Superior Court on April 4, 2006.  On August 10, 2006, the Pennsylvania Supreme Court denied *allocatur*.

A timely *pro se* PCRA petition was filed on June 12, 2007.  An amended counseled petition was filed on July 29, 2008.  The amended PCRA petition was dismissed by this court on December 11, 2008.  [White] filed a notice of appeal of this court's December 11, 2008 order on January 7, 2009.  The Superior Court ordered a remand for an evidentiary hearing on whether trial counsel was ineffective.  On July 1, 2010, an evidentiary hearing was held and this court found that counsel was not ineffective.  On August 19, 2010 this court denied PCRA relief.  The Superior Court affirmed the judgment on October 4, 2011.  On March 21, 2012, the Pennsylvania Supreme Court denied *allocator*.

[White] filed the instant *pro se* PCRA petition on May 7, 2012.  For reasons set forth below, this court finds that it is without jurisdiction to consider the merits of [White's] claims and thus [White's] second PCRA petition is dismissed as untimely.

PCRA Court Opinion, 10/16/2013, at 1-2.

Initially, we note:

_____

[1] The facts underlying White's conviction are somewhat intricate.  Because those facts are known to the parties, we will not repeat them here.  The facts may also be found in the Superior Court opinion denying White relief in his direct appeal.  **See Commonwealth v. White**, 902 A.2d 984, 876 EDA 2005 (Pa. Super. 2006)(unpublished memorandum).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (*citing Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (*citing Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014).

Additionally,

The PCRA time limitations, and exceptions thereto, are set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). That section states:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof. *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261-62 (1999). Additionally, any exception must be raised within sixty days of the date that the

claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Our Supreme Court "has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." **Commonwealth v. Ligons**, 601 Pa. 103, 971 A.2d 1125, 1164 (2009) (*citing* **Commonwealth v. Reinzi**, 573 Pa. 503, 827 A.2d 369, 371 (2003)).

**Commonwealth v. Feliciano**, 69 A.3d 1270, 1275 (Pa. Super. 2013).

Here, White concedes that his petition was not filed within the one-year timeliness requirement. However, he claims both governmental interference and after discovered facts as applicable exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i),(ii).

Both of these timeliness exceptions are predicated on the same claim that one of the Commonwealth's witnesses at trial, Hakim Lofton, perjured himself when he denied the existence of an agreement with the Commonwealth that led to the dismissal of charges against Lofton. White also claims the Commonwealth hid evidence of the agreement. White claims he first obtained proof of this deception on March 12, 2012, when he received a copy of Lofton's court docket from his sister. Accordingly, both claims of entitlement to timeliness exceptions are predicated on the docket. He filed the instant PCRA petition on May 7, 2012, which is ostensibly within the 60 days required by statute.

Our review of the certified record demonstrates that White has raised claims regarding Lofton's testimony in both his direct appeal and in his first PCRA petition. **See Commonwealth v. White**, **supra**; *Pro Se* PCRA petition, 6/12/2007 at 3a (complaining of perjured testimony). In White's

direct appeal, this Court addressed White's complaint about the Commonwealth's closing argument:

> You know Hakim, [Lofton], he is locked up for robbery, he can't make bail. He is in jail. The one thing, there are no secret deals with our office that he is going to get some great deal. Everything that happens here is in writing. If I give him a deal, it would be on the record. The one thing I do guarantee you is, no matter what prison he goes to, he will be away from those men, because I owe it to him and I owe it to that family to keep at least Hakim safe. What he did, he deals with it, and he will have his lawyer playing all that game, going…
>
> N.T., 12/16/04, at 150.
>
> While appellant posits that these remarks were not supported by the record, we disagree because Lofton had testified that he had not made a deal with the prosecution to secure his testimony. Furthermore, the comments were in fair response to an accusation by co-defendant's counsel that a secret arrangement had been made with Lofton.

*Commonwealth v. Lofton*, 902 A.2d 984, at 12-13.

This discussion clearly demonstrates that White had concerns about Lofton's testimony from the time of trial. White's putative proof of a secret deal between the Commonwealth and Lofton is in the form of a docket sheet from the Municipal Court of Philadelphia County, MC-51-CR-XXXXXXX-2004, indicating that on January 24, 2005, little more than one month after White's conviction and approximately one week prior to White's sentencing

on February 1, 2005, all pending charges against Hakim Lofton were withdrawn by the District Attorney.[2]

Entitlement to the after discovered evidence exception is based not only upon filing the PCRA petition within 60 days of discovering the fact, but also upon exercising due diligence to discover the fact. Here, White has failed to demonstrate how and why, despite his stated concerns regarding Lofton's testimony, he was unable to obtain a copy of Lofton's Municipal Court docket, a public document, for over seven years. This document was available to White and his counsel, upon request of the court, even before White was sentenced. The failure to obtain the document for such an extended period of time cannot suffice as due diligence.

White's governmental interference claim is that during trial, the government failed to inform him of the secret deal favoring Lofton. The alleged proof of this *sub rosa* agreement is the Municipal Court docket, which the PCRA court properly determined was not after discovered evidence and could not support a timeliness exception.

_____

[2] The immediately prior docket entries indicating two continuances had been granted to the Commonwealth due to the failure of the complaining witness to appear. **See** Docket Entries of 12/20/2004, 1/10/2005. Although not specifically stated in the docket entries of 1/24/2005, it is likely the charges were withdrawn due to the failure of the complaining witness to appear. Our resolution of this matter is not based upon this interpretation of the docket entries.

However, as noted, the docket was available to White even before he was sentenced. Accordingly, this public information was available to White for his direct appeal and his first PCRA petition. Accepting, for the sake of argument, that the government interfered with White by denying, at trial, the existence of an agreement with Lofton, any such improper concealment terminated when charges against Lofton were publically dismissed and that dismissal was noted on the docket in 2005. Because the claim could have been raised in either the direct appeal or the first PCRA petition, but was not, the issue is waived.[3]

Because White cannot demonstrate entitlement to any of the statutory timeliness exceptions, the PCRA court was without jurisdiction to address any of White's claims. Accordingly, the PCRA court committed no error of law in dismissing White's PCRA petition, without a hearing, as untimely.

Order affirmed.

---

[3] Issues waived.—

> For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

42 Pa.C.S. § 9544(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2015